[Decided February 4, 1887.]

## THE SINGER MANUFACTURING COMPANY *v.* R. B. HATLEY.

PLEADING — COMPLAINT OF — SUFFICIENCY OF. — A complaint alleging in substance an instrument made and delivered by defendant to plaintiff, whereby he promised to pay to the plaintiff a certain sum of money twelve months after date, as the purchase price of a sewing-machine delivered to him by the plaintiff, with a stipulation that the machine should remain the property of plaintiff until payment of purchase price as agreed, and that in consideration of the making and delivery of the instrument plaintiff delivered the machine to said defendant, who retained possession thereof ever since and refused to make payment of the amount: *held,* that the complaint stated facts sufficient to constitute a cause of action, and upon that state of facts plaintiff could recover the amount stipulated to be paid by defendant in the instrument.

ERROR to the District Court holding terms at Colfax. First District.

A demurrer was interposed to the complaint and sustained. Plaintiff elected to stand by his complaint, and refused to amend, and defendant had judgment for his costs. All the material facts are stated in the opinion of the court.

*Messrs. Sullivan, Wolford, & Sullivan,* for the Plaintiff in Error.

Counsel cited *Hawley, Dodd, & Co.* v. *Kenoyer,* 1 Wash. 609, and *Heryford* v. *Davis,* 102 U. S. 235, that unless

under the contract set forth in the complaint an absolute sale and transfer of the property was made and intended by both contracting parties, courts must gather the intention of contracting parties, not alone from the words of the contract itself, but as it was made by the parties, and in the light of all surrounding circumstances. (*Nash* v. *Towne,* 5 Wall. 689; *Canal Co.* v. *Hill,* 15 Wall. 94; *Reed* v. *Insurance Co.,* 95 U. S. 23.)  The contract pleaded in the complaint is a promissory note and mortgage, and plaintiff, at its option, may recover a money judgment or foreclose in equity.  (*Frank* v. *Pickle,* 2 Wash. 55.)

*Mr. C. M. Kincaid,* and *Messrs. Doolittle & Pritchard,* for the Defendant in Error.

The contract sued on does not show an absolute sale, but is only an executory contract of sale upon conditions precedent.  (2 Kent's Com. *498; Benjamin on Sales, sec. 320; *Ballard* v. *Burgett,* 40 N. Y. 314; *Boon* v. *Moss,* 70 N. Y. 465; *Loomis* v. *Bragg,* 47 Am. Rep. 638; *Kohler* v. *Hayes,* 41 Cal. 455; *Singer Mfg. Co.* v. *Graham,* 8 Or. 17; *The Marine,* 19 Fed. Rep. 760; *Sage* v. *Sleutz,* 23 Ohio St. 8.)  A conditional contract does not lose its executory character by a mere delivery of the property. (*Sage* v. *Sleutz,* 23 Ohio St. 8.)  The obligations of defendant to pay, and that of plaintiff to transfer title, are mutual and dependent obligations, and before recovery of purchase price plaintiff must allege and prove performance or tender of performance on his part.  (*Hawley, Dodd, & Co.* v. *Kenoyer,* 1 Wash. 699; *Baker* v. *Higgins,* 21 N. Y. 397; *Barrow* v. *Frink,* 30 Cal. 486.)

Mr. Justice HOYT delivered the opinion of the court.

The District Court sustained a demurrer to the amended complaint in this action, and rendered judgment against the plaintiff, who has brought the case here, and assigned as error the action of the court in thus sustaining said demurrer.  Omitting those parts

which are purely formal, said amended complaint was substantially as follows:—

" That heretofore, to wit, on September 9, 1881, at the county of Whitman, in said territory, defendant, in consideration of a sale and delivery to him by plaintiff of a certain sewing-machine, made and delivered to plaintiff his certain instrument in writing, in the words and figures following:—

"'$75.    LEITCHVILLE, W. T., Sept. 9, 1881.

"'Twelve months after date I promise to pay to the Singer Manufacturing Company seventy-five (75) dollars in U. S. gold coin, payable at Walla Walla, W. T., value received, with one per cent interest per month from maturity until paid. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note, and with ten per cent fees if the same is collected by attorney.

*[Left margin: 116 Sutter St., San Francisco. Machine. Style. Drop leaf. No. 3,291,674. Page. No. Read this note.]*

"'The sewing-machine described herein, for which this note is given, shall remain the property of the Singer Manufacturing Company until this note is paid.

"'This note is the property of the Singer Manufacturing Company only, and cannot be assigned or indorsed by any agent of said company, and it is agreed that no written or verbal contract concerning the same not embraced in the body or each part hereof will be valid.

"'No payments allowed on the note unless made directly to the company or its general agent at San Francisco, and if any payments are made in any other manner, it is agreed that the party receiving the same shall be regarded as the agent of the maker, and not of the payee.

"' Due Sept. 9, 1882.    .    R. B. HATLEY.'

" That in consideration of the execution and delivery of said instrument in writing by the said defendant to the said plaintiff as aforesaid, and the promises of said

defendant to pay the said sum of money therein stated, upon the terms and conditions, and at the time and place in said instrument in writing set forth as aforesaid, the said plaintiff, at the time of the execution and delivery of said instrument in writing, sold and delivered to said defendant, in Whitman County, Washington Territory, the sewing-machine No. 3,291,674, as described in said instrument in writing, and that the said defendant at said time took the said machine into his possession, and has ever since retained and does still retain the possession of the same; that the said defendant has neglected and refused, and still neglects and refuses, to pay the said plaintiff the said sum of money specified in said instrument in writing, or any part thereof, either principal or interest.

" That there is now due and owing, exclusive of attorney's fees, on said instrument in writing, from said defendant to said plaintiff, the sum of seventy-five dollars, with interest thereon at the rate of one per cent per month from the ninth day of September, 1882."

Does this complaint state a cause of action? This is the only question presented by the record, and in view of the fact that we are all agreed as to the decision thereof, but are not agreed as to the reasons to be given for such decision, we shall content ourselves with saying that said complaint, in our opinion, states a cause of action against the defendant, and that the action of the District Court in sustaining the demurrer thereto was erroneous, and that for such error the judgment must be reversed, and the cause remanded for further proceedings, and it is so ordered.

Greene, C. J., Turner, J, and Langford, J.; concurred.